IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDAN HEATH, | ) | |
| Plaintiff | ) | C.A. No. 13-280 Erie |
| | ) | |
| v. | ) | Chief Judge Conti |
| | ) | Magistrate Judge Baxter |
| MAUREEN A. SKERDA, P.J., et al., | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that all of Plaintiff's claims be dismissed, *sua sponte*, in accordance with 28 U.S.C. §1915(e).

**II.    REPORT**

**A.    Relevant Procedural and Factual History**

On September 9, 2013, Plaintiff Jordan Heath filed this *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, against the Honorable Maureen A Skerda, President Judge of the Court of Common Pleas of Forest County, Pennsylvania ("Judge Skerda"), and the Pennsylvania Department of Corrections ("DOC"). Plaintiff claims that his constitutional rights were violated by Defendant DOC because its employees allegedly gave false testimony against Plaintiff and, thus, subjected him to false charges and imprisonment, and by Defendant Judge Skerda because she allowed Plaintiff's case and the allegedly false testimony to be heard in her courtroom. (ECF No. 1, Complaint, at Section IV.C). As relief for his claims, Plaintiff seeks injunctive relief in the

form of Judge Skerda's "remov[al] from office on impeachment," and monetary damages. (Id. at Section VI).

### B. Standards of Review

#### 1. Proceedings *in forma pauperis* under 28 U.S.C. § 1915

Evaluating motions to proceed *in forma pauperis* under 28 U.S.C. § 1915 is a two-step process. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). "First, the district court evaluates a litigant's financial status and determines whether he is eligible to proceed *in forma pauperis* under § 1915(a). Second the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." Id. citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir. 1976); see also Schneller v. Able Home Care, Inc., 389 Fed.Appx .90, 92 (3d Cir. 1990). Therefore, only after the district court grants the request to proceed *in forma pauperis* may it dismiss the complaint as legally frivolous. See Jackson v. Brown, 460 Fed.Appx. 77, 79 n.2 (3d Cir. 2012) ("As a procedural matter, therefore, the District Court should have addressed Jackson's [*in forma pauperis*] motion before dismissing the complaint as frivolous, rather than deny the [*in forma pauperis*] motion as moot after dismissal."); Spuck v. Fredric, 414 Fed.Appx. 358, 359 (3d Cir. 2011) ("When a complaint is submitted along with an [*in forma pauperis*] application, the complaint is not deemed filed unless and until [*in forma pauperis*] status is granted. […] in that situation, the District Court must first rule on the [*in forma pauperis*] application and, only if it grants the application, proceed to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).").

28 U.S.C. §1915(e)(2), as amended, states in relevant part: "[t]he court shall dismiss the

case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). The U.S. Supreme Court has instructed that section 1915(e) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. In fact, the statute not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman, 904 F.2d 192 at 195-96.

### 2. *Pro Se* Pleadings

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986).

Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

### C. Discussion

#### 1. Motion for Leave to Proceed *in forma pauperis*

In his motion, Plaintiff states that he is unable to pay the filing fee associated with this civil rights case. Attached to Plaintiff's motion is a copy of his inmate account statement which reveals that Plaintiff has maintained a substantial negative balance in his account for, at least, the

past six months. Based upon this disclosure, the Court finds that Plaintiff is without sufficient funds to pay the costs and fees of the proceedings, and accordingly, his motion for leave to proceed *in forma pauperis* [ECF No. 7] should be granted.

### 2. Assessment of Plaintiff's Complaint

#### a. Claims Against Defendant Judge Skerda

It is generally accepted that judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356.

Furthermore, in 1996, Congress enacted the Federal Courts Improvement Act ("FCIA"), Pub.L.No. 104-317, 110 Stat. 3847 (1996), in which it amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." The clear purpose of the FCIA was to protect judges from injunctive suits challenging actions taken in their adjudicatory capacities.[1]

---

[1] In recommending enactment of the FCIA's amendment of Section 1983, the Senate Judiciary Committee found the following:
> This section restores the doctrine of judicial immunity to the status it occupied prior to the Supreme Court's decision in Pulliam v. Allen, 466 U.S. 522 (1984) ...
>
> In Pulliam, the Supreme Court broke with 400 years of common-law tradition and weakened judicial immunity protections. The case concerned a State magistrate who jailed an individual for failing to post bond for an offense which could be punished only by a fine and not incarceration. The Defendant filed an action under 42 U.S.C. 1983, obtaining both an injunction against the magistrate's practice of requiring bonds for non-incarcerable offenses, and an award of costs, including attorney's fees. The Supreme Court affirmed, expressly holding that judicial immunity is not a bar to injunctive relief in section 1983 actions against a State judge acting in a judicial capacity, or to the award of attorney's fees under the Civil Rights Attorney's Fees

Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. In this case, the challenged actions or inactions of Defendant Judge Skerda were clearly taken in her judicial capacity and were within her jurisdiction. In addition, there is no claim or evidence that any declaratory decree was violated or that declaratory relief is unavailable in this case. Accordingly, Plaintiff's claims against Defendant Judge Skerda are barred by the doctrine of absolute judicial immunity and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### b. Defendant DOC

It appears from the Complaint that Plaintiff is attempting to hold Defendant DOC liable for the alleged acts of its employees. However, the Eleventh Amendment to the United States Constitution precludes suits for monetary damages against a state and its agencies in federal court. Chittister v. Dep't of Community and Economic Development, 226 F.3d 223 (3d Cir. 2000) (Eleventh Amendment bars individuals from seeking monetary damages from state governments or state agencies).[2] See, also, Demyon v. Pennsylvania Dep't of Corrections, 2001 WL 1083936 at *3 (M.D.Pa. 2001), citing Alabama v. Pugh, 438 U.S. 781, 782 (1978) (The

---

Award Act, 42 U.S.C. 1988. Those statutes are now amended to preclude awards of cost and attorney's fees against judges for acts taken in their judicial capacity, and to bar injunctive relief unless declaratory relief is inadequate.

S. REP. No. 104-366, at 36-7 (1996), reprinted in 1996 U.S.C.C.A.N. 4202, 4216-17.

2

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states and state agencies are immune from suit in federal court. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161 (3d Cir. 2002).

United States Supreme Court has held that this [Eleventh Amendment] immunity does apply specifically to § 1983 claims"). As a result, Plaintiff's claims against Defendant DOC are barred by Eleventh Amendment immunity and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that all of Plaintiff's claims be dismissed, *sua sponte,* in accordance with 28 U.S.C. §1915(e).

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

                                                   */s/ Susan Paradise Baxter*
                                                   SUSAN PARADISE BAXTER
                                                   United States Magistrate Judge

Date:    October 30, 2013

cc:    The Honorable Joy Flowers Conti
       Chief United States District Judge